UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>  )<br>v.   )<br>  )<br>JOHN PASCUCCI,   )<br>  A/K/A "Scooch" or "Scoochy".   ) | CR-06-58-B-W-04 |

## ORDER OVERRULING OBJECTION TO INFORMATION CHARGING PRIOR CONVICTIONS

John Pascucci was indicted on September 7, 2006 for allegedly engaging in a conspiracy to distribute marijuana in violation of 21 U.S.C. § 841(a)(1). *Indictment* (Docket # 1). On January 29, 2007, the Government filed an Information, which charged that Mr. Pascucci had been convicted on December 29, 1997 of two felony drug trafficking offenses.[1] *Information Charging Prior Convictions* (Docket # 186). On January 2, 2009, Mr. Pascucci objected to the Information. *Def. John Pascucci's Resp. to Information Charging Prior Convictions* (Docket # 568). Mr. Pascucci objected to the Information because he claims that his prior convictions were not "the product of a knowing and voluntary plea[] of guilty as Defendant at the time he entered his plea believed and understood pursuant to representation of his counsel that he was only entering a plea of guilty to one felony drug offense." *Id.* at 1. Further, he says that even if the convictions are deemed valid and enforceable, they should be consolidated. *Id.* at 2. He emphasizes that he is not waiving any other grounds to object to the prior convictions. *Id.*

The Court overrules the objection to the Information. The Government filed the Information pursuant to 21 U.S.C. § 851, which sets forth a three-step process by which the Government may establish a prior conviction to enhance a sentence: (1) "before trial, or before entry of a plea of guilty, the United States attorney files an information with the court . . . stating

---

[1] The mandatory minimum sentence for a controlled substance offense "ordinarily doubles if the accused has a prior felony drug conviction." *Prou v. United States*, 199 F.3d 37, 40 (1st Cir. 1999) (citing 21 U.S.C. § 841).

in writing the previous convictions to be relied upon"; (2) "the court shall after conviction but before pronouncement of sentence inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence"; and, (3) a defendant who denies the prior convictions "shall file a written response to the information" and the court "shall hold a hearing to determine any issues raised by the response which would except the person from increased punishment." 21 U.S.C. § 851(a)-(c).

Under First Circuit law, if the Government fails to comply with § 851(a)(1) and timely file an Information alleging previous convictions, "a district court lacks authority to impose the statutory enhancement." *Prou*, 199 F.3d at 42-43; *Hardy v. United States*, 691 F.2d 39, 41 (1st Cir. 1982). Similarly, a defendant must contest before sentencing the timeliness of the Government's Information or deny the previous convictions alleged therein; "if the defendant fails to do so, he has waived the challenge unless he shows good cause." *United States v. Dickerson*, 514 F.3d 60, 65 (1st Cir. 2008); 21 U.S.C. § 851(c)(2). However, a defendant does not waive the right to challenge the convictions in the Information by failing to object before going to trial or pleading guilty. In fact, the procedure set forth in § 851 ensures that once convicted, a defendant is given the opportunity to raise any such challenge. *But see* 21 U.S.C. § 851(e); *United States v. Henry*, 519 F.3d 68, 75 (1st Cir. 2008).

At this point, Mr. Pascucci has not been convicted; he has not waived the right to challenge the prior convictions alleged in the Information; and, his objection to the Information is premature. The Court OVERRULES the Defendant's objections without prejudice to any objections he may file pursuant to § 851, if he is convicted.

SO ORDERED.

<u>/s/ John A. Woodcock, Jr.</u>
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 5th day of January, 2009